UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

-------------------------------------------------------------------------X

BONNIE BUTCHER,

                       Plaintiff, Pro Se

  -against-

CITY OF NEW YORK, DEPARTMENT OF EDUCATION,
JILL GOLDBERG, in her individual and official capacity,
JENNIFER CARREÓN AMBERT, in her individual and official
capacity,
DONALD CONYERS in his individual and official capacity,
ANDRE SPENCER in his individual and official capacity,
JOHN DOE(S), in his, her, or their individual(s) and official
capacity,

                  Defendants,

-------------------------------------------------------------------------X

**Complaint for a Civil Case**

Case No._____

Plaintiff Demands a Trial by Jury

Plaintiff BONNIE BUTCHER, (herein after referred to as "Plaintiff" or "BUTCHER"), as Pro Se Plaintiff respectfully files this Complaint in this action against Defendant CITY OF NEW YORK DEPARTMENT OF EDUCATION (hereinafter referred to as "DOE"), Defendant JILL GOLDBERG (hereinafter referred to as "GOLDBERG"), in her individual and Official capacity, Defendant JENNIFER CARREÓN AMBERT, (hereinafter referred to as "AMBERT"), in her individual and official capacity, Defendant DONALD CONYERS (hereinafter referred to as "CONYERS"), in his individual and official capacity, Defendant ANDRE SPENCER (hereinafter referred to as "SPENCER"), in his individual and official capacity, and Defendant(s) JOHN DOE(S) (hereinafter referred to as "JOHN(S)") in her, his or their individual and official capacity (hereinafter collectively referred to as "Defendants"), respectfully alleges as follows upon information and belief:

REC'D IN PRO SE OFFICE
JAN 5 '26 AM 10:18

## NATURE OF CASE

1. This action arises from Defendants' prolonged, intentional, and unlawful race, color, national origin, gender and disability discrimination, retaliation, fraudulent concealment, and deprivation of Plaintiff BUTCHER's constitutional and statutory rights arising from her employment with the DOE.

2. This action is brought to remedy, *inter alia* Defendants unlawful discrimination against Plaintiff BUTCHER with respect to Plaintiff's employment on the basis of race, color, sex, gender, national origin, and disability discrimination, along with hostile work environment, retaliation, discrimination and interference with rights under the Family and Medical Leave Act ("FMLA"), negligence, fraudulent concealment, fraudulent inducement, fraudulent misrepresentation, intentional and negligent infliction of emotional distress; deprivation of Plaintiff's procedural and substantive due process and equal protection under the United States and New York Constitutions, and violations of federal, state, and city civil rights statutes and New York State common law.

3. Through Defendants' unlawful and discriminatory conduct, Defendants violated, *inter alia*, 42 U.S.C. §1981("1981"), 42 U.S.C. § 1983 ("1983"), the FMLA, 29 U.S.C. §2601 et seq., 29 C.F.R.§825.220, New York City Human Rights Law, ("NYCHRL"), the Administrative Code of the City of New York 8 §§ 8-101 to §8-131et seq.,  New York State Human Rights Law ("NYSHRL"), New York State Executive Law, § 290, et seq. ("the Executive Law"); New York Education Law, § 2590-a - § 2590-j, et seq. ("the Education Law"); and any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein. Plaintiff brings this action pursuant to §1983 to redress the deprivation of Plaintiff's rights, privileges and immunities secured by the laws and Constitution of the United States.

4. Defendants concealed Plaintiff's reinstatement to the position of principal effective October 1, 2018, withheld official notice, misrepresented her employment status, and deprived her for over

seven years of her position, salary, seniority, benefits, and procedural protections. Plaintiff discovered the concealment of her reinstatement on October 15, 2024.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims and statutory claims under 28 U.S.C. § 1367.

6.  This Court has original jurisdiction over this action as the case involves a Federal Question under §1981and §1983. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343, the FMLA and pendent jurisdiction thereto.

7.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 et esq. because the events giving rise to the claims occurred in Queens County, New York, and Plaintiff resides therein.

## PARTIES

8. Plaintiff BUTCHER is an individual Black, Barbadian woman and a resident of New York State.

9. Defendant DOE was and is a municipal entity responsible for the administration of New York City Public School System and was and is Plaintiff's employer at all relevant times.

10. Defendant DOE is located at 52 Chambers Street, New York, New York 10007.

11. Defendant(s) JOHN(S) is/are natural persons whose true names are not yet know to Plaintiff and are partners, shareholders, officers, employees, agents, representatives, policymakers, supervisors, or persons otherwise associated with Defendant DOE, or were otherwise in positions which enabled them to commit, or aid and abet in the commission of the wrongful acts against Plaintiff set forth herein.[1]

---

[1] Plaintiff reserves the right to amend this Complaint to name additional individual Defendants who participated in, influenced, or decided to discriminatorily, negligently and fraudulently conceal Plaintiff's reinstatement and failed to notify her, once their identities, currently within Defendants' exclusive control, are discovered.

12. At all times material, Defendant(s) JOHN(S) was and is an employee of Defendant DOE, who influenced, made, and/or partook in the decision to discriminatorily, negligently and fraudulently demote Plaintiff, conceal Plaintiff's reinstatement to the Principal position: including withholding the official reinstatement notice, failing to inform Plaintiff of the rescission of her discontinuance, refusal to restore Plaintiff to her rightful or equivalent position following her protected FMLA medical leave and depriving Plaintiff of her due process rights.

13. At all times material, Defendant(s) JOHN(S) was and is an employee of Defendant DOE, who influenced, made, and/or partook in the decision to retaliate and discriminate against Plaintiff by placing Plaintiff into a substantially lower-paid and diminished role, creating and perpetuating a hostile and humiliating work environment and violating her due process rights.

14. Defendant DOE's Central Office is Defendant DOE's top office that oversees the entire department of education. Defendant DOE's Central Office comprises Defendant DOE's top policy-making officials.

15. Defendant DOE's Central Office is comprised of different units.

16. At all times relevant, Defendant DOE operates through a Central Office, Queens South Field Support Center, Queens South Borough Office, and Community School Districts, all of which exercise authority over personnel, reinstatement, and employment decisions.

17. Defendant DOE's Central Office, including but not limited to its Human Resources Office, Finance Office and Division of School Leadership Office, exercised final policy-making authority and was responsible for reinstatement decisions, setting rates of pay, personnel records, and compliance with Bylaws of the Panel for Educational Policy of the City School District of the City of New York also known as Panel for Educational Policy (hereinafter known as "PEP") and DOE policies.

18. Defendant DOE's Queens South Field Support Center and Queens South Borough Office oversaw the Queens South Community School Districts and was staffed by senior officials with final policy

4

making authority over school leadership assignments and reinstatement decisions and compliance with PEP bylaws, DOE policies and applicable laws.

19. Defendant DOE's Community School District 27, overseen by a Community School Superintendent with final policy making authority, was responsible for day-to-day supervisory and leadership decisions affecting Plaintiff's employment and compliance with PEP bylaws, DOE policies and applicable laws.

20. At all relevant times, DOE Central Office units, the Queens South Field Support Center, Queens South Borough Office and Community School District 27, acting through their officials and agents, discriminatorily, negligently, and fraudulently demoted Plaintiff, denied her due process rights after removal, concealed Plaintiff's reinstatement, failed to notify Plaintiff of her reinstatement, failed to restore Plaintiff to principal or an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment upon return from FMLA leave and prevented Plaintiff from challenging her discontinuance therefore depriving her of due process in violation of all applicable laws.

21. Upon information and belief, Defendant(s) JOHN DOE(S) worked within DOE Central Office, including but not limited to DOE Human Resource, DOE Central Finance Office and Central Office, DOE School Leadership Central Office; Community School District 27, Queens South Field Support Center and Queens South Borough Office and participated in or acquiesced in the unlawful conduct alleged herein (see supra n. 1).

22. At all relevant times, Defendant(s) JOHN DOE(S) and the named individual Defendants possessed final policy-making authority including but not limited to, reinstatement, leadership placement, personnel records, and due process compliance (see supra n. 1).

23. At all relevant times, Defendant SPENCER served as Executive Superintendent for the Queens South Field Support Center; Defendant CONYERS served as Senior Superintendent within the

5

DOE Central Office; Defendant GOLDBERG served as Director of Supervisory Support Services; and Defendant AMBERT served as Superintendent of Community School District 27.

24. At all relevant times Defendants treated Plaintiff less well than similarly situated nonblack, non-Barbadian employees, including but not limited to, reinstatement notice, restoration to position, compensation, and procedural protections.[2]

25. Each named individual Defendant exercised supervisory authority over Plaintiff, controlled material aspects of her employment, and possessed final policy-making authority relevant to the conduct alleged herein.

26. Each named individual Defendant discriminatorily, negligently, and fraudulently concealed Plaintiff's reinstatement, failed to notify Plaintiff of her reinstatement upon return from FMLA leave, failed to restore Plaintiff to her Principal position or an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment. and violated Plaintiff's rights to due process and equal protection.

27. Defendant DOE accepted, adopted, acquiesced in, and was otherwise bound by the acts and omissions of its officers, managers, supervisors, employees, and agents, all of whom acted within the course and scope of their employment.

28. Defendant DOE had actual and constructive knowledge of the unlawful conduct alleged herein through the direct involvement of its senior officials and supervisory personnel.

---

[2] Plaintiff is presently unaware of the identities of similarly situated comparators relevant to the claims alleged herein; information regarding their treatment is within Defendants' exclusive control and unavailable prior to discovery. Plaintiff therefore reserves the right, pursuant to Federal Rule of Civil Procedure 15, to amend this Complaint to identify such comparators and add related factual allegations upon disclosure through discovery, FOIL responses, or court order disclosure.

29. Plaintiff timely filed Notice of Claim against Defendant DOE on or about January 8 and January 13, 2025. The Notice of Claim was filed shortly after Plaintiff discovered Defendants concealed wrongdoing on October 15, 2024, and are timely under the discovery rule, as Defendants' actionable conduct was fraudulently concealed until that date.

30. Defendant DOE conducted a § 50-h examination of Plaintiff on July 11, 2025, thereby satisfying all administrative prerequisites under N.Y Education Law § 3813.

31. At all relevant times, Defendant DOE met the definition of an "employer" under all applicable statutes.

## Material Factual Allegations

32. Plaintiff seeks damages for Defendants' continuing deprivation of her constitutional rights to equal protection and due process; interference, discrimination and retaliation based on her exercise of FMLA rights; discrimination based on race, color, national origin, gender and disability; hostile work environment and retaliation; and related state-law torts including negligence, fraudulent concealment, fraudulent inducement, fraudulent misrepresentation; and intentional and negligent infliction of emotional distress.

33. Plaintiff was hired by Defendant DOE in September 2001 and, through merit-based promotions, served as Assistant Principal, Education Administrator, Interim Acting Principal, and Principal. At all relevant times, she was fully qualified for each position.

34. Plaintiff was appointed Interim Acting Principal of Elizabeth Blackwell Middle School (hereafter referred to as "27Q210") in July 2015 and appointed Principal in April 2016, where she consistently met or exceeded DOE leadership standards and achieved measurable improvements in student achievement, instruction, and family engagement.

35. During her principalship, Plaintiff received formal recognition for exemplary leadership, including an Outstanding Achievement Award awards from the Council of School Supervisors and Administrators on May 14, 2018 for "providing leadership and guidance that maximized student

7

learning and well-being, acknowledging her vision, excellence, and dedication to the students of New York City", and the New York State Assembly Citation from Assemblywoman Stacey Pheffer Amato on June 26, 2018, for her "positive impact on the school" and recognizing her as "an outstanding individual who is worthy of the esteem of both Queens County and the Great State of New York."

36. Between 2017 and 2018, Plaintiff reported racial and gender-based comments referencing her race, gender, and accent, including statements such as "we have another Black woman principal", "she has an accent" and whenever black staff were hired additional comments made consist of, "this place is becoming a ghetto" to then Superintendent Mary Barton and Defendant DOE.

37. On or about November 7, 2017, Plaintiff raised concerns to then Superintendent Mary Barton regarding intimidation and harassment affecting "Black" employees and educators who supported Plaintiff's vision and mission for 27Q210's school community.

38. During Plaintiff's school quality review between March 15, 2018, and March 16, 2018, the reviewer Rod Bowen shared his findings with Plaintiff. In his statements he stated, "there is a race issue in your building." He further stated, "you are under attack" and "sabotaged." Plaintiff reported this to then Superintendent Mary Barton and Defendant DOE.

39. After Plaintiff raised complaints regarding race and gender-based harassment and hostile working conditions, Defendants increased supervisory oversight of Plaintiff's work from then Superintendent Mary Barton, including conducting Principal Performance Observations involving the Superintendent and Deputy Superintendent that departed from DOE policy and prior practice. These visits occurred after Plaintiff's complaints, were not imposed on similarly situated principals, and deviated from established supervisory protocols.

40. During this period, then Superintendent Mary Barton scrutinized and criticized Plaintiff for incorporating research-based instructional practices, including but not limited to project-based learning, NYSED-aligned rubrics, using formative assessments for progress monitoring and to

8

tailor instruction and supports, subjected her to heightened monitoring and disparate administrative enforcement, and failed to address hostile conduct undermining her authority and professional standing.

41. Defendant DOE and then Superintendent Mary Barton failed to investigate, discipline, or otherwise address the reported conduct.

42. This failure to act was consistent with Defendant DOE's custom and practice of disregarding complaints of race-based harassment, thereby permitting discriminatory conditions to persist and contributing to the subsequent adverse actions taken against Plaintiff.

43. Despite Plaintiff's documented success, in or about June 2018, then Superintendent Mary Barton informed Plaintiff that "it did not matter how well the students are performing academically that she was considering discontinuing Plaintiff's probationary principal service".

44. During the same period, Superintendent Barton interviewed Kuljit Singh, a nonblack, non-Barbadian male Assistant Principal with less qualification and experience, to replace Plaintiff as principal of 27Q210.

45. On or about July 6, 2018, Plaintiff was informed that her probationary principal service would be discontinued, and Defendant DOE named Kuljit Singh as Interim Acting Principal effective July 9, 2018.

46. Defendant DOE lacked any legitimate, non-discriminatory justification for discontinuing Plaintiff, who was demonstrably more qualified and more experienced than Kuljit Singh.

47. Plaintiff alleges the decision was motivated by racial and discriminatory preferences favoring an Asian male over a Black woman of Barbadian descent, consistent with DOE initiatives and policies emphasizing advancement of men into leadership roles.

48. Defendant DOE's racial and discriminatory biases was further reflected in its stated initiatives such as the New York City's Men Teach Program, created under former Mayor Bill de Blasio

(hereinafter referred to as "DE BLASIO") on or around January 2015 which prioritizes the recruitment and advancement of Black, Latino, and Asian men into leadership roles.

49. At all relevant times, then Mayor DE BLASIO, acting as a final policymaker, established and enforced policies and practices within New York City and the DOE that made race, color, national origin and gender a significant factor in employment decisions.

50. At all relevant times, then DOE Chancellor Richard Carranza (hereinafter referred to as "CARRANZA"), endorsed and advanced the position that the race, color, national origin and gender of educational leaders should be considered for students to "see leaders who look like them."

51. On or around 2018, Elizabeth Blackwell Middle School's demographics consisted of approximately 31% Asian and 5% Black students. The Plaintiff is a black, Barbadian woman and her replacement is an Asian male.

52. At all relevant times, Defendants acted pursuant to an official policy and practice, authorized and ratified by final policymakers including former DOE Chancellor CARRANZA, under which race, color, national origin and gender was an expressed and material factor in hiring, promotion, and leadership placement decisions within the DOE.

53. Defendant DOE prioritized race, color, national origin, sex and gender as an important factor in employment decisions.

54. In or around August 2018, Plaintiff was on approved medical leave based on serious medical health conditions as a result of Defendants' discriminatory and retaliatory actions.

55. In or around August 2018, Plaintiff received an "Effective" rating for leadership practice and student learning, consistent with her prior evaluations throughout her tenure as Principal.

56. On or about August 28, 2018, then Superintendent Mary Barton notified Plaintiff that her probationary service would be discontinued effective September 4, 2018.

57. Plaintiff was on approved FMLA restoration of health leave from September 4, 2018, through November 2, 2018, after being diagnosed with serious health conditions as a result of Defendants' actions.

58. During Plaintiff's FMLA leave, Defendant DOE treated Plaintiff as removed and demoted her to a lower-paid teacher position with a salary loss of $44,248.00.

59. Under Education Law § 2590-j, PEP Bylaws, DOE policies and all applicable laws, a discontinued probationary principal is entitled to notice, formal review, and appeal before a Chancellor-designated impartial committee. This includes a written notice of the time and place of review, their right to representation and the appeal procedures.

60. Defendant DOE deprived Plaintiff of her due process rights by failing to provide her with notice of appeal hearing, hearing and appeal process required by Education Law § 2590-j, PEP bylaws while similarly situated non-Black, non-Barbadian employees received full procedural protections.[3]

61. Defendants discriminated against Plaintiff on the basis of her race, color and national origin, and denied Plaintiff due process and equal protection.

62. On or about October 3, 2018, while Plaintiff was on approved FMLA leave, Defendant SPENCER informed Plaintiff that she would not return to her principal position and offered the Education Administrator "Director of School Improvement" role, while knowingly concealing that Plaintiff's discontinuance had been formally rescinded on October 1, 2018.

63. Defendant SPENCER did not inform Plaintiff that she was reinstated as principal.

---

[3] Plaintiff is aware that similarly situated principals were timely notified of reinstatement and restored with full salary and benefits, unlike Plaintiff; identifying information for these comparators is within Defendants' exclusive control, and will be obtained through discovery.

64. At that time, Plaintiff had already suffered reduced salary and benefits and was medically vulnerable; Defendant SPENCER presented the Director of School Improvement role as Plaintiff's only means of continued administrative employment, coercing acceptance under economic duress created by Defendants' actions.

65. The Director of School Improvement position was not equivalent to the reinstated Principal role in compensation, authority, or responsibilities, and Defendants conditioned Plaintiff's continued employment on acceptance of this diminished role without notice or due process.

66. Plaintiff accepted the position solely to mitigate ongoing financial harm and did not waive her FMLA or other statutory rights, consent to a demotion, or accept a non-equivalent role in lieu of reinstatement.

67. Plaintiff was treated less favorably than similarly situated non-Black, non-Barbadian, male, non-disabled employees (see supra n. 2).

68. Upon her return from FMLA leave in November 2018, Defendants placed Plaintiff in the non-equivalent Education Administrator role rather than restoring her to Principal or an equivalent position, eliminating her direct reports and substantially reducing her authority.

69. Plaintiff went from supervising approximately 195 employees to no "direct reports".

70. Plaintiff's starting salary was $126,783, approximately $28,306 less than the contractual principal salary of $155,089, and this discriminatory pay disparity continued annually for approximately seven years.

71. From November 2018 through December 2025, Plaintiff remained in the diminished role with reduced compensation and advancement opportunities, while similarly situated non-Black, non-Barbadian employees were restored to principal positions with full salary and benefits.

72. During the period November 2018 to December 2025, Plaintiff successfully supported multiple State-designated high-needs schools, received satisfactory and effective performance ratings further demonstrating her superior qualifications and performance.

73. From November 2018 to approximately August 2022, Defendants DOE, SPENCER, and AMBERT treated Plaintiff less favorably than similarly situated Directors of School Improvement and Directors of Continuous School Improvement by restricting her from supporting certain districts and schools, limiting her authority, visibility, and professional standing without legitimate performance justification (see supra n. 2).

74. This differential and disparate treatment constituted intentional discrimination and contributed to a hostile work environment by marginalizing Plaintiff and signaling diminished status compared to employees outside her protected classes.

75. Defendants discriminated and retaliated against Plaintiff on the basis of her race, color, national origin, gender, disability and created a hostile working environment.

76. Between 2018 and 2024, Plaintiff applied for and expressed interest in numerous principal and DOE managerial positions but was repeatedly rejected without explanation.

77. After experiencing sustained unexplained promotional denials, Plaintiff submitted a FOIL request on or about September 6, 2024, seeking her DOE Central personnel records.

78. On October 15, 2024, Plaintiff received FOIL records from the DOE's Records Access Unit of the Office of the General Counsel revealing a memorandum (hereinafter referred to as "MEMO") dated October 1, 2018, from Defendant AMBERT addressed to Defendant CONYERS and Defendant GOLDBERG. This MEMO states **"Effective immediately, I hereby rescind the discontinuance of Principal Bonnie Butcher."**

79. On October 15th, 2024, the Plaintiff discovered a second document. This second document was the letter sent to Plaintiff, from then Superintendent Mary Barton dated August 28th, 2018, confirming Plaintiff's discontinuation. Written at the top of this letter was the word **"Rescinded"**.

80. The rescission of Plaintiff's discontinuance restored Plaintiff's property interest in her principal position and salary. Defendants concealed the reinstatement for approximately six years and failed to restore Plaintiff to the principal position upon return from FMLA leave.

13

81. Defendants' continued concealment and misrepresentation deprived Plaintiff of due process, interfered with her FMLA rights, facilitated prolonged underpayment, and constituted ongoing discrimination, retaliation, and hostile work environment.

82. For approximately seven years, Plaintiff was paid substantially less than similarly situated nonblack, non-Barbadian employees and denied equal terms, conditions, and employment opportunities (see supra n. 2).

83. Defendants discriminated against Plaintiff based on race, color, gender, disability, and national origin, denied her equal protection and due process, and retaliated against her for complaining of discrimination and engaging in protected activity.

84. Defendants subjected Plaintiff to repeated unlawful, discriminatory, and retaliatory conduct as alleged herein.

85. As a result of Defendants' actions, Plaintiff suffered severe economic loss, damage to professional reputation, mental and emotional distress, serious health conditions and exacerbation of serious health conditions, and ongoing harm.

86. Defendants acted fraudulently, negligently, willfully, maliciously, and with reckless disregard for Plaintiff's clearly established rights, entitling her to compensatory, punitive, and equitable relief.

87. Defendants retaliated against Plaintiff for complaining of discrimination and engaging in protected activity and intentionally deprived her of rights secured by the United States and New York Constitutions.

88. Plaintiff pleads alternatively (in the event Defendants Claims so or that the Court determines) that Plaintiff was/is an at-will employee, all claims are asserted under applicable at-will employment law.

89. Plaintiff reserves the right to amend this Complaint to add facts, parties, and causes of action as discovery proceeds and additional statutory claims become ripe upon exhaustion of administrative remedies.

90. Plaintiff asserts all claims herein under the discovery rule because Defendants' unlawful conduct, including discrimination, retaliation, hostile work environment, concealment of reinstatement, failure to reinstate, deprivation of Plaintiff's due process and equal protection rights, were not discovered until on or after October 15, 2024, rendering the claims timely.

91. Plaintiff asserts all claims herein under equitable estoppel because Defendants' intentional, reckless and malicious misconduct prevented timely filing, barring Defendants from invoking limitations defenses or opposing reinstatement, compensation, and damages; Defendants should be estopped from benefiting from their unlawful and discriminatory actions.

92. Plaintiff asserts all claims herein under the equitable tolling doctrine because Defendants' obstructive actions and intentional concealment constitute extraordinary circumstances preventing timely filing.

93. Plaintiff asserts all claims herein under the continuing violation doctrine because Defendants engaged in a continuous pattern of, including but not limited to, failure to reinstate, discrimination, retaliation, hostile work environment and deprivation of due process rights and equal protection.

94. Plaintiff seeks punitive damages against Defendants for willfully violating Plaintiff's clearly established rights by depriving Plaintiff of her civil right to pursue an equal employment opportunity in an environment free of race, color, gender, disability and national origin discrimination.

95. Defendants are liable for intentionally depriving Plaintiff of her clearly established rights secured by Constitution and laws of the United States.

96. Defendants denied Plaintiff equal protection of the laws by discriminating against Plaintiff. on the basis of her race, color, gender, national origin and disability.

97. Each individual Defendant participated directly in, approved, or knowingly acquiesced in the conduct alleged herein.

15

## AS A FIRST CAUSE OF ACTION
## FOR RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 1981
## (AGAINST DEFENDANT DOE AND ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

98. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

99. Plaintiff brings these claims under 42 U.S.C. § 1981 against Defendants through 42 U.S.C. § 1983, as the alleged deprivation of contractual rights was committed under color of state law.

100. Section 1981 guarantees all persons the equal right to make, enforce, perform, modify, and terminate contracts, and to enjoy all benefits, privileges, terms, and conditions of the contractual relationship, free from discrimination, including impairment under color of state law.

101. At all relevant times, Plaintiff had a contractual employment relationship with Defendants that entitled her to compensation, benefits, professional status, and other contractual privileges.

102. Defendants engaged in a purposeful discriminatory pattern and practice of depriving Black employees of the equal rights described therein, in violation of 42 U.S.C. § 1981.

103. Throughout her employment with the DOE, Plaintiff was fully qualified for her position and able to continue performing her duties.

104. As a result of Defendants discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and having suffered economic loss, serious health conditions, mental and emotional distress, humiliation, inconvenience, and loss of enjoyment of life due to Defendants actions thereby entitling Plaintiff to compensatory damages.

105. As alleged above, Defendants acted with malice or reckless disregard for Plaintiff's protected rights, entitling her to punitive damages.

106. Plaintiff suffered substantial damages as a result of Defendants' violation of 42 U.S.C. § 1981.

107. Defendants discriminated and retaliated against Plaintiff in violation of 42 U.S.C. § 1981 and Plaintiff asserts claims against all Defendants under all applicable paragraphs of 42 U.S.C. § 1981.

108. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

## AS A SECOND CAUSE OF ACTION
## FOR RACE AND GENDER DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. §1983
## (AGAINST DEFENDANT DOE AND ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

109. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

110. Each of the following causes of action under 42 U.S.C. § 1983 is pleaded as a distinct, parallel, and alternative claim, vindicating separate constitutional or statutory rights and addressing different legal injuries arising from Defendants' conduct.

111. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983, which provides liability against any person who, acting under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and laws.

112. The Fourteenth Amendment prohibits states from depriving any person of life, liberty, or property without due process of law and from denying any person equal protection of the laws.

113. Defendants, acting under color of state law, violated 42 U.S.C. § 1983 by depriving Plaintiff of rights secured by the Fourteenth Amendment, including equal protection and due process.

114. Plaintiff is a Black, Barbadian woman whom Defendants denied equal protection of the laws by discriminating against Plaintiff based on race, color, gender, and national origin.

115. Defendant s' discrimination based on race, color, and national origin is not substantially related to a sufficiently important governmental interest.

116. At all relevant times, Plaintiff was fully qualified for her position and entitled to continue in that role.

117. The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Defendants from depriving any person of life, liberty, or property without due process of law.

118. Defendants intentionally and discriminatorily denied Plaintiff equal protection and deprived her of protected property and liberty interests without due process by demoting her, replacing her with a less qualified and less experienced Asian male, concealing her reinstatement, failing to restore her position and salary, subjecting her to a retaliatory and hostile work environment and retaining her in a substantially lower-paid, non-equivalent role.

119. Defendants treated Plaintiff less well than similarly situated nonblack, non-Barbadian principals, supporting a reasonable inference that race and gender were determinative factors in the adverse actions (see supra n. 2).

120. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered lost wages and benefits, harm to professional standing and career advancement, mental anguish, emotional distress, and other compensable injuries.

121. The individual governmental Defendants were/are persons who had final policy making authority and violated 42 U.S.C. §1983 by discriminating against Plaintiff on the basis of her race, color, national origin and gender and depriving Plaintiff of income, which is a Constitutional property right, without due process.

122. Defendants' conduct was undertaken pursuant to race and gender-based discriminatory policies, practices, and/or customs constituting official DOE policy and was carried out with malice or reckless disregard for Plaintiff's constitutional rights.

123. By the foregoing conduct, Defendants violated 42 U.S.C. § 1983 and the Fourteenth Amendment.

124. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

**AS A THIRD CAUSE OF ACTION**
**FOR VIOLATION OF DUE PROCESS -DELIBERATE OR RECKLESS**
**CONCEALMENT**
**UNDER 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT**
**(AGAINST DEFENDANT DOE AND ALL INDIVIDUALLY NAMED DEFENDANT(S)**
**IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)**

125. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

126. Defendants, acting under color of state law, violated 42 U.S.C. § 1983 and the Fourteenth Amendment by deliberately or recklessly suppressing, concealing, and misrepresenting material information, thereby depriving Plaintiff of constitutionally protected liberty and property interests without due process and equal protection of the laws.

127. Plaintiff's employment, salary, professional authority, and related benefits constituted protected property interests under the Constitution.

128. On or about October 1, 2018, Defendant AMBERT reinstated Plaintiff to her principal position; Defendants possessed official records reflecting that reinstatement but failed to notify Plaintiff or disclose the determination.

129. From October 1, 2018, through October 15, 2025, Defendants affirmatively maintained and communicated that Plaintiff had not been reinstated, resulting in her continued placement in a diminished role with reduced pay, authority, and responsibilities.

130. On October 15, 2024, Plaintiff discovered the concealment of her reinstatement after receiving results of a FOIL request.

131. Defendants deprived Plaintiff of her protected interests by concealing evidence of reinstatement and maintaining a false narrative regarding her employment status.

19

132. Defendants' deliberate or reckless concealment of material information was arbitrary, conscience-shocking, and an abuse of governmental power, violating procedural and substantive due process.

133. As a direct and proximate result, Plaintiff suffered lost wages and benefits, diminished professional standing, reputational harm, emotional distress, and prolonged deprivation of constitutional rights.

134. Defendants maintained customs, practices, and/or procedures regarding the handling and disclosure of material employment decisions, including reinstatements, which caused or contributed to Plaintiff's constitutional injuries.

135. By this conduct, Defendants violated 42 U.S.C. § 1983 and the Fourteenth Amendment.

136. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

**AS A FOURTH CAUSE OF ACTION FOR
FIRST VIOLATION OF PROCEDURAL DUE PROCESS
UNDER 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
(AGAINST DEFENDANT DOE AND ALL INDIVIDUALLY NAMED DEFENDANT(S)
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)**

137. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

138. Defendants, acting under color of state law, violated 42 U.S.C. § 1983 and the Fourteenth

139. Amendment by depriving Plaintiff of protected liberty and property interests without due process and by denying her equal protection of the laws.

140. On or about September 4, 2018, Defendant DOE removed Plaintiff from her principal position.

141. Plaintiff's employment, salary, professional role, and associated benefits constituted protected property interests.

142. Defendants deprived Plaintiff of property interests without notice of hearing, hearing, or any meaningful opportunity to respond to, grieve, or appeal the removal decision through available administrative, or statutory procedures.

143. Defendants maintained and enforced an unlawful custom, policy, and/or practice of selectively denying procedural due process protections to Plaintiff, while providing those same protections to similarly situated non-Black, non-Barbadian employees (see supra n. 2).

144. This selective denial of due process was intentional, disparate, and not rationally related to any legitimate governmental interest, and resulted in Plaintiff being deprived of protected property interests in violation of the Fourteenth Amendment.

145. Plaintiff permanently lost her principal position, salary, professional authority, and employment-related benefits.

146. As a direct and proximate result of Defendants' conduct, Plaintiff suffered lost income and employment opportunities, mental and emotional distress, and harm to her professional standing.

147. The individual Defendants possessed final policymaking authority and, acting under color of state law, violated Plaintiff's constitutional rights.

148. By the foregoing conduct, Defendants violated 42 U.S.C. § 1983, the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

149. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

**AS A FIFTH CAUSE OF ACTION FOR**
**SECOND VIOLATION OF PROCEDURAL DUE PROCESS**
**UNDER 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT**
**(AGAINST DEFENDANT DOE AND ALL INDIVIDUALLY NAMED DEFENDANT(S)**
**IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)**

150. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

151. Defendants, acting under color of state law, violated 42 U.S.C. § 1983 and the Fourteenth Amendment by depriving Plaintiff of protected liberty and property interests without due process and denying her equal protection of the laws.

21

152. Effective October 1, 2018, Defendant AMBERT rescinded Plaintiff's probationary discontinuance, restoring Plaintiff's property interest in her principal position, salary, seniority, benefits, and continued employment.

153. Defendants possessed official records reflecting Plaintiff's reinstatement but failed to communicate accurate information, failed to update personnel records, and instead provided false, incomplete, or misleading information regarding her status.

154. Defendants concealed Plaintiff's reinstatement, failed to restore her position and salary, and retained her in a substantially lower-paid, non-equivalent role.

155. For approximately seven years, Defendants deprived Plaintiff of her reinstated position and associated property interests without notice, hearing, or a meaningful opportunity to contest the continued deprivation.

156. Defendants maintained and enforced an unlawful custom, policy, and/or practice of selectively denying Plaintiff procedural due process by failing to reinstate her to her restored position and thereby depriving her of protected property interests without notice or opportunity to be heard, while providing reinstatement, notice, and access to appeal procedures to similarly situated non-Black, non-Barbadian employees (see supra n. 2).

157. This selective denial of due process was intentional, disparate, and not rationally related to any legitimate governmental interest, and resulted in Plaintiff being deprived of protected property interests in violation of the Fourteenth Amendment.

158. By this conduct, Defendants deprived Plaintiff of protected property and liberty interests without due process and denied her equal protection of the laws.

159. As a direct and proximate result, Plaintiff suffered economic losses, loss of seniority and professional status, reputational harm, and mental and emotional distress.

160. The individual Defendants, acting under color of state law and possessing final policymaking authority, violated Plaintiff's constitutional rights and are sued in their individual and official capacities.

161. By the foregoing conduct, Defendants violated 42 U.S.C. § 1983 and the Fourteenth Amendment.

162. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

## AS A SIXTH CAUSE OF ACTION
## FOR VIOLATION OF THE FOURTEENTH AMENDMENT
## SUBSTANTIVE DUE PROCESS RIGHTS
## UNDER FEDERAL LAW 42 U.S.C. §1983
## (AGAINST DEFENDANT DOE AND ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

163. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

164. Plaintiff asserts this substantive due process claim as parallel and alternative to her procedural due process claims, based on Defendants' arbitrary abuse of governmental authority; conduct that, if proven, shocks the conscience and is not addressed or remedied by procedural safeguards alone.

165. Plaintiff brings this claim under 42 U.S.C. § 1983 as a parallel and alternative cause of action based on Defendants' independent violations of her substantive due process rights, and not as duplicative enforcement of any statutory remedy.

166. Defendants' prolonged concealment of Plaintiff's reinstatement, intentional misrepresentation of her employment status, retaliatory demotion, and sustained deprivation of her salary, title, seniority, authority, and professional standing constituted arbitrary, conscience-shocking conduct and an abuse of governmental power.

167. Defendants acted with deliberate indifference and in a manner no legitimate governmental objective could justify, exceeding mere negligence and reflecting knowing or reckless disregard for Plaintiff's constitutional rights.

168. The individual Defendants, acting under color of state law and possessing final policymaking authority, violated 42 U.S.C. § 1983 and the Fourteenth Amendment and are sued in their individual and official capacities.

169. Defendants' conduct was a deliberate abuse of power unrelated to any legitimate governmental purpose and violated Plaintiff's substantive due process rights.

170. As a direct and proximate result, Plaintiff suffered continuing financial losses, mental emotional distress, and professional harm.

171. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

## AS A SEVENTH CAUSE OF ACTION
## FOR INTERFERENCE, DISCRIMINATION AND RETALIATION
## IN VIOLATION OF FMLA, 29 U.S.C. § 2601 et seq and 29 C.F.R. § 825.220
## UNDER FEDERAL LAW 42 U.S.C. §1983
## (AGAINST DEFENDANT DOE AND ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

172. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

173. Defendants violated the FMLA, 29 U.S.C. §§ 2601-54, and 29 C.F.R. § 825.220 by interfering with, discriminating, and retaliating against Plaintiff for exercising protected FMLA rights.

174. Upon return from approved FMLA leave, Plaintiff was entitled to restoration to her reinstated principal position or an equivalent position with equivalent pay, benefits, and terms of employment.

175. Defendants interfered with and retaliated against Plaintiff by concealing her reinstatement and failing to restore her to her principal position or an equivalent role, instead assigning her to a

24

substantially lower-paid, non-equivalent position with diminished authority, responsibilities, and advancement opportunities.

176. Defendant SPENCER further violated the FMLA by coercing Plaintiff, while on protected leave, into accepting a lower-paid, non-equivalent assignment without informing her of her reinstatement.

177. Defendants subjected Plaintiff to retaliatory treatment and hostile work environment designed to undermine her authority, reputation, and professional standing.

178. Plaintiff suffered adverse employment actions because she exercised her right to protected medical leave.

179. As a direct and proximate result, Plaintiff sustained economic losses, including lost wages, pension contributions, and per-session opportunities, mental and emotional distress, humiliation, reputational harm, and exacerbation of underlying disabilities.

180. Defendants' retaliation was willful and undertaken in violation of clearly established federal law.

181. The individual Defendants, acting under color of state law and possessing final policymaking authority, are sued in their individual and official capacities and are liable under the FMLA, 29 C.F.R. § 825.220, 29 U.S.C. §§ 2601-54, 2615 and 42 U.S.C. § 1983.

182. Defendants maintained and enforced unlawful customs, policy, and/or practice of discriminating and retaliating against employees who exercised protected medical leave rights.

183. Plaintiff is entitled to all remedies available under 29 U.S.C. § 2617 and applicable law.

184. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION
## IN VIOLATION OF NEW YORK STATE LAW
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND
## OFFICIAL CAPACITIES)

185. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if fully set forth herein.

186. New York State Executive Law § 296 makes it:

"An unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

187. At all relevant times, Plaintiff was a member of multiple protected classes, was fully qualified for her position, and able to continue working in that capacity.

188. Defendants treated Plaintiff less well than others by demoting her, replacing her with a less qualified and less experienced Asian male, concealing her reinstatement, failing to restore her position and salary, coercing Plaintiff into acceptance of a lesser role, limiting duties, favoring nonblack, non-Barbadian comparators, retaining her in a substantially lower-paid, non-equivalent role, denying her due process, and maintaining discriminatory and hostile working conditions.

189. Defendants violated New York State Executive Law § 296 by discriminating against Plaintiff based on race, color, gender, sex, national origin, and disability, and creating a hostile work environment.

190. Defendants' differential treatment, harassment-by-exclusion, and sustained marginalization of Plaintiff constitute a hostile work environment under Executive Law § 296.

191. Defendants' conduct supports a reasonable inference that Plaintiff's race, color, national origin, gender, and disability were determinative factors in the adverse employment actions.

26

192. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered economic loss, loss of professional standing and career opportunities, mental and emotional distress, and other compensable damages.

193. Plaintiff asserts claim against Defendants under all applicable provisions of Executive Law § 296 for discrimination, disparate treatment, and related unlawful employment practices.

194. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

## AS A NINTH CAUSE OF ACTION
## FOR RETALIATION
## IN VIOLATION OF NEW YORK STATE LAW
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

195. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if fully set forth herein.

196. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

197. New York State Executive Law §296 prohibits retaliation against an individual based on race, color, national origin, gender, sex and disabilities.

198. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff.

199. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A TENTH CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION
## IN VIOLATION OF NEW YORK STATE LAW
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

200. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

Complaint as if fully set forth herein.

201. Under New York State common law, fraud consists of a knowing material misrepresentation or omission made with intent to induce reliance, justifiable reliance by the plaintiff, and resulting in damages.

202. Effective October 1, 2018, Plaintiff's probationary discontinuance was formally rescinded, and she was reinstated to the principal position.

203. After the rescission, Defendants possessed official records reflecting Plaintiff's reinstatement but knowingly concealed and misrepresented her employment status.

204. Defendants failed to disclose the rescission and provided false and misleading information regarding Plaintiff's reinstatement, salary restoration, and associated rights: including falsely representing that the discontinuance remained in effect.

205. Defendants, including senior DOE officials with authority over Plaintiff's placement and

206. compensation, made these misrepresentations through meetings, official communications, and material omissions presented as accurate employment information.

207. Defendants knew these statements and omissions were false and made them with the intent to induce Plaintiff to rely on them, including by accepting and remaining in a substantially lower-paid, non-equivalent position instead of asserting her reinstatement rights.

208. Plaintiff reasonably and justifiably relied on Defendants' representations, believing they were acting in good faith and following required procedures.

209. Defendants' conduct constituted fraudulent misrepresentation under New York State common law.

210. As a direct and proximate result, Plaintiff suffered economic loss, loss of professional standing, and other compensable damages.

211. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

**AS AN ELEVENTH CAUSE OF ACTION
FOR FRAUDULENT CONCEALMENT
IN VIOLATION OF NEW YORK STATE LAW
(AGAINST ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES)**

212. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if fully set forth herein.

213. Under New York State common law, fraudulent concealment requires concealment of a material fact, a duty to disclose, intent to defraud, justifiable reliance, and resulting damages.

214. Defendants intentionally concealed material facts, including the October 1, 2018, MEMO rescinding Plaintiff's discontinuance, restoring her principal status, and entitling her to reinstatement, salary, and procedural protections.

215. Defendants owed Plaintiff a duty to disclose material information regarding her employment and reinstatement status.

216. Defendants concealed these facts by withholding reinstatement documentation, failing to correct personnel records, remaining silent when disclosure was required, and continuing to treat Plaintiff as not reinstated.

217. This concealment was intentional and undertaken to prevent Plaintiff from asserting reinstatement rights, seeking due-process review, or challenging her continued placement in a lower-paid, diminished role.

218. Plaintiff reasonably relied on Defendants' silence and omissions because Defendants exclusively controlled reinstatement records and personnel systems and Plaintiff reasonably believed Defendants were acting in good faith and in compliance with governing procedures.

219. The concealment persisted for approximately six years, until Plaintiff discovered it on October 15, 2024.

220. Defendants' conduct constituted fraudulent concealment under New York State common law.

29

221. As a direct and proximate result, Plaintiff suffered economic loss, mental and emotional distress, loss of professional standing, and other compensable damages.

222. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

### AS A TWELFTH CAUSE OF ACTION
### FRAUDULENT INDUCEMENT
### IN VIOLATION OF NEW YORK STATE LAW
### (AGAINST ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

223. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

224. Under New York State common law, fraudulent inducement requires a false material representation or omission, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damages.

225. Defendants fraudulently induced Plaintiff to accept a substantially lower-paid, non-equivalent position by misrepresenting and concealing her reinstatement as principal effective October 1, 2018.

226. While Plaintiff was on protected FMLA leave and upon her return on or around November 5, 2018, Defendant SPENCER presented the Education Administrator/Director of School Improvement role as Plaintiff's only option, without disclosing her reinstatement and entitlement to restoration, salary, and authority.

227. Plaintiff justifiably relied on Defendants' representations and omissions because they occupied positions of authority, controlled the relevant information, and were obligated to act in good faith.

228. Plaintiff accepted the diminished role only because Defendants withheld material information regarding her reinstatement; had that information been disclosed, she would not have accepted the non-equivalent position.

229. Defendants' conduct constituted fraudulent inducement under New York State common law.

30

230. As a direct and proximate result, Plaintiff suffered lost wages, lost pension accrual, career harm, and emotional distress.

231. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

**AS A THIRTEENTH CAUSE OF ACTION
NEGLIGENCE
IN VIOLATION OF NEW YORK STATE LAW
(AGAINST ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES)**

232. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

233. At all relevant times, Defendants owed Plaintiff a duty of reasonable care as her employer and supervisors, including to accurately maintain and communicate her employment status and records, timely disclose material employment actions, properly implement reinstatement and restoration decisions, and administer employment matters in accordance with Education Law § 2590-j, PEP Bylaws, DOE policies and applicable regulations.

234. Defendants further owed a duty to exercise reasonable care in ministerial and administrative functions, including processing reinstatement documentation, correcting payroll and personnel systems, and notifying Plaintiff of material changes to her employment status.

235. These duties concerned the execution and administration of reinstatement decisions already made, not the discretionary formulation of employment policy.

236. Defendants breached these duties by negligently and recklessly failing to notify Plaintiff that her discontinuance was rescinded and she was reinstated effective October 1, 2018; failing to correct personnel and payroll records; providing false or misleading information regarding her status; allowing reliance on inaccurate information; and assigning and retaining her in a lower-paid, non-equivalent role without reasonable care to ensure compliance with governing rules and policies.

31

237. Defendants knew or should have known that these acts and omissions would foreseeably cause economic, professional mental and emotional harm.

238. As a direct and proximate result, Plaintiff suffered lost wages and benefits, loss of seniority and earning capacity, damage to professional reputation and career trajectory, mental and emotional distress.

239. Defendants' negligence was and is continuous and ongoing, as each failure to correct records, each pay period, and each reaffirmation of Plaintiff's misclassified status constituted a renewed breach.

240. Plaintiff's injuries were the natural, probable, and foreseeable consequence of Defendants' negligence, entitling her to damages.

241. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

### AS A FOURTEENTH CAUSE OF ACTION
### FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### IN VIOLATION OF NEW YORK STATE LAW
### (AGAINST ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

242. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if fully set forth herein.

243. Defendants are liable for intentional infliction of emotional distress under New York State common law for engaging in extreme and outrageous conduct that intentionally or recklessly caused Plaintiff severe mental and emotional distress.

244. From on or about October 1, 2018 through at least November 2025, Defendants engaged in a continuous and cumulative course of outrageous conduct, including concealing Plaintiff's reinstatement after rescission of her discontinuance, misrepresenting her employment status while controlling personnel records, coercing her during protected FMLA leave and while she suffered serious health conditions resulting Defendants actions, into accepting and remaining in a

32

substantially lower-paid, non-equivalent position, depriving her of restored salary, benefits, authority, and seniority, denying notice and process to challenge the deprivation, and maintaining a hostile, humiliating, and retaliatory work environment.

245. Defendants' conduct was not an isolated personnel action but a deliberate pattern of deception, coercion, and abuse of authority over approximately six years, far exceeding ordinary employment disputes.

246. Defendants acted intentionally, willfully, and with conscious disregard where severe mental and emotional distress was certain or substantially certain to result.

247. As a direct and proximate result, Plaintiff suffered severe and ongoing emotional distress and damages, including medical expenses, lost income, anxiety, depression, mental anguish, humiliation, sleep disturbance, and significant impairment of daily functioning.

248. Defendants' conduct constituted an abuse of governmental authority, was grossly disproportionate to any legitimate purpose, and was utterly intolerable in a civilized society.

249. Defendants acted with actual malice, fully justifying an award of punitive damages permitted by law.

250. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

## AS A FIFTEENTH CAUSE OF ACTION
## FOR VIOLATION OF DUE PROCESS
## IN VIOLATION OF NEW YORK STATE CONSTITUTION
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

251. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

252. Defendants violated Article I, § 6 of the New York State Constitution by depriving Plaintiff of protected liberty and property interests without due process of law.

253. On or about September 4, 2018, Defendant DOE removed Plaintiff from her principal position without providing constitutionally required notice of hearing, a hearing, or an appeal in compliance with PEP procedures, Education Law § 2590-j, and applicable statutes.

254. The above conduct is Defendants first deprivation of Plaintiff's employment and income without due process.

255. Effective October 1, 2018, Defendant AMBERT rescinded Plaintiff's probationary discontinuance, restoring her property interest in her principal position and salary.

256. Defendants concealed Plaintiff's reinstatement, failed to restore her position and salary, and retained her in a substantially lower-paid, non-equivalent role.

257. Defendants deprived Plaintiff of her reinstated position and associated property interests without notice, hearing, or a meaningful opportunity to contest the continued deprivation.

258. The above conduct is Defendants' second deprivation of Plaintiff's employment and income without due process.

259. Defendants violated Article I, § 6 of the New York State Constitution.

260. As a direct and proximate result, Plaintiff suffered economic loss, loss of professional standing, mental and emotional distress, and other compensable damages.

261. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

### AS A SIXTEENTH CAUSE OF ACTION
### FOR VIOLATION OF EQUAL PROTECTION
### IN VIOLATION OF NEW YORK STATE CONSTITUTION
### (AGAINST ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

262. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

263. Defendants violated Article I, § 11 of the New York State Constitution by denying Plaintiff equal protection of the laws through discriminatory employment practices.

34

264. Defendants denied Plaintiff equal protection of the laws by demoting her, replacing her with a less qualified and less experienced Asian male, depriving her of due process, concealing her reinstatement, failing to restore her position and salary, subjecting her to a retaliatory and hostile work environment and retaining her in a substantially lower-paid, non-equivalent role.

265. Defendants treated Plaintiff less well than similarly situated non-Black principals, supporting a reasonable inference that race, color, national origin, gender and disability were determinative factors in the adverse actions (see supra n. 2).

266. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages, injuries, and losses.

267. Plaintiff invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

### AS A SEVENTEENTH CAUSE OF ACTION FOR AIDING AND ABETTING IN VIOLATION OF NEW YORK STATE LAW (AGAINST ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

268. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the Complaint.

269. New York State Executive Law § 296(6) provides that "It is an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the commission of any act forbidden under the New York State Human Rights Law, or to attempt to do so."

270. Defendants engaged in unlawful discriminatory practices, as more specifically detailed in prior paragraphs of this complaint, by aiding, abetting, inciting, compelling, and/or coercing the discriminatory and unlawful employment conduct complained of as stated herein.

271. Defendants violated the above and Plaintiff suffered numerous damages, injuries and losses as a result.

272. Plaintiff invokes the discovery rule, the equitable estoppel doctrine, the equitable tolling doctrine and the continuing violation doctrine as set forth in paragraphs 90 through 93.

## AS AN EIGHTEENTH CAUSE OF ACTION
## FOR DISCRIMINATION
## IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTSIN THEIR INDIVIDUAL
## AND OFFICIAL CAPACITIES)

273. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

274. Defendants violated New York City Administrative Code § 8-107(1) by discriminating against Plaintiff in terms, conditions, and privileges of employment based on race, color, national origin, gender, and disability.

275. At all relevant times, Plaintiff was a member of protected classes, was fully qualified for her position, and able to continue working in that capacity.

276. Defendants treated Plaintiff less well by demoting her, replacing her with a less qualified and less experienced Asian male, concealing her reinstatement, failing to restore her position and salary, retaining her in a substantially lower-paid, non-equivalent role, denying due process, and creating and maintaining discriminatory and hostile working conditions that limited employment opportunities.

277. Defendants' conduct supports a reasonable inference that Plaintiff's race, color, national origin, gender, and disability were motivating factors in the adverse actions.

278. As a direct and proximate result, Plaintiff suffered damages, injuries, and losses.

279. Plaintiff asserts claim under all applicable provisions of New York City Administrative Code Title 8 and invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

## AS A NINTEENTH CAUSE OF ACTION
## FOR RETALIATION
## IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

280. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

281. Defendants violated New York City Administrative Code §8 107(1)(e) and § 8-107(7) by retaliating against Plaintiff for engaging in protected activity, taking FMLA leave, and opposing unlawful discriminatory practices.

282. Defendants retaliated by demoting Plaintiff, concealing her reinstatement, misrepresenting her employment status, placing her in a diminished, non-equivalent role, depriving her of due process and restricting her duties and opportunities.

283. Defendants' conduct, as more specifically detailed in prior paragraphs of this complaint, supports a reasonable inference that Plaintiff's race, color, national origin, gender, and disability were motivating factors in the adverse actions.

284. As a direct and proximate result, Plaintiff suffered damages, injuries, and losses.

285. Plaintiff asserts claim under all applicable provisions of New York City Administrative Code Title 8 and invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

## AS A TWENTIETH CAUSE OF ACTION
## FOR INTERFERENCE
## IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

286. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

287. Defendants violated New York City Administrative Code § 8-107(19) by coercing, intimidating, and interfering with Plaintiff's NYCHRL protected employment rights on the basis of race, color,

national origin, gender, and disability, including concealment, misrepresentation, assigning disparate responsibilities, and refusing to reinstate her and adverse employment actions intended to deter and penalize protected activity.

288. Defendants' conduct, as more specifically detailed in prior paragraphs of this complaint, supports a reasonable inference that Plaintiff's race, color, national origin, gender, and disability were motivating factors in the adverse actions.

289. Defendants' conduct had the purpose and effect of denying Plaintiff equal treatment, equal responsibilities, equal pay, and freedom from discriminatory and retaliatory practices.

290. As a direct and proximate result, Plaintiff suffered damages, injuries, and losses.

291. Plaintiff asserts claim under all applicable provisions of New York City Administrative Code Title 8 and invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

## AS A TWENTY-FIRST CAUSE OF ACTION
## FOR AIDING AND ABETTING
## IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANT(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

292. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the Complaint.

293. Defendants violated New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling, and coercing the discriminatory, retaliatory, and unlawful conduct alleged herein, including by participating in, facilitating, approving, directing, or failing to prevent such conduct.

294. As a direct and proximate result, Plaintiff suffered damages, injuries, and losses.

295. Plaintiff asserts claim under all applicable provisions of New York City Administrative Code Title 8 and invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

## AS A TWENTY-SECOND CAUSE OF ACTION
### FOR SUPERVISOR LIABILITY
### IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

296. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

297. New York City Administrative Code § 8-107(13) imposes employer liability for discriminatory conduct committed by an employee or agent where the conduct violates the NYCHRL and: (a) the employee or agent exercised managerial or supervisory authority; (b) the employer knew of the discriminatory conduct and acquiesced in it or failed to take prompt and appropriate corrective action; or (c) the employer knew or should have known of the conduct and failed to exercise reasonable diligence to prevent it, including where such knowledge is imputed through managerial or supervisory personnel.

298. Defendants are liable under New York City Administrative Code § 8-107(13) for discriminatory and retaliatory conduct, as more specifically detailed in prior paragraphs of this complaint, committed by their employees and agents, including supervisors and managers against Plaintiff and for knowingly acquiescing in or failing to take prompt and appropriate corrective action.

299. As a direct and proximate result, Plaintiff suffered economic loss, emotional distress, loss of professional standing, and other compensable damages.

300. Plaintiff asserts claim under all applicable provisions of New York City Administrative Code Title 8 and invokes the discovery rule, equitable estoppel, equitable tolling, and the continuing violation doctrine as set forth in paragraphs 90 through 93.

39

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor against Defendants, jointly and severally and award the following relief:

1.  Compensatory damages in excess of Three Million Dollars ($3,000,000), including but not limited to lost wages and salary, bonuses, back pay, front pay, pension and retirement losses, out-of-pocket expenses, medical expenses, mental and physical harm, emotional distress, humiliation and reputational harm;

2.  Punitive damages, where authorized by law, for Defendants' willful or reckless disregard of Plaintiff's statutory and constitutional rights;

3.  Pre-judgment and post-judgment interest;

4.  Attorneys' fees and costs;

5.  Immediate Reinstatement to principal position or an equivalent position with equivalent pay, benefits, seniority, pension credit, authority, and professional standing;

6.  Correction and expungement of Plaintiff's personnel, payroll, and pension records to reflect her lawful status, compensation, service credit, and uninterrupted reinstatement;

7.  Immediate Principal tenure;

8.  Restoration of leave, including annual and sick leave lost as a result of Defendants' conduct;

9.  Restoration of service credit, pensionable earnings, and retirement eligibility affected by Defendants' unlawful actions;

10. Injunctive relief directing Defendants to cease and desist from discriminatory, retaliatory, or unlawful employment practices and to rescind and nullify adverse employment actions resulting from Defendants unlawful actions;

11. Prospective relief requiring Defendants to adopt and enforce nondiscriminatory employment and leave-administration policies, provide written notice of employment status changes and due process procedures consistent with law, and report compliance to the Court;

40

12. Mandatory training for supervisory and managerial personnel regarding anti-discrimination, anti-retaliation, due process procedures and leave-protection obligations;

13. Court ordered oversight or reporting, as necessary, to ensure compliance and prevent recurrence; and

14. For such other and further relief as the Court deems just and proper under the facts and circumstances.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 5, 2026.

Signature of Plaintiff
Printed Name of Plaintiff        BONNIE BUTCHER

Revised 12.10 2024 Effective 12-1-2020

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Bonnie Butcher

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

CITY OF NEW YORK, DEPARTMENT OF EDUCATION, JILL GOLDBERG, in her individual and official capacity,
JENNIFER CARREÓN AMBERT, in her individual and official capacity,
DONALD CONYERS in his individual and official capacity,
ANDRE SPENCER in his individual and official capacity,
JOHN DOE(S), in his, her, or their individual(s) and official capacity

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee *
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C. §1981, 42 U.S.C. §1983, NYSHRL, NYCHRL, 29 U.S.C. §2601 et seq., 29 C.F.R. § 825.220, New York Common Law, New York State Constitution

Brief description of cause: Race, color, national origin, gender, disability, discrimination; retaliation, hostile work environment, violation of due process, equal protection, interference with FMLA, fraudulent misrepresentation, fraudulent concealment, fraudulent inducement, negligence

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

* Please respond to Part F on Page 2

**PAGE ONE OF TWO - PLEASE CONTINUE TO PAGE TWO**

## PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration   No

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- [✔] monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,
- [✔] the complaint seeks injunctive relief, or
- [ ] the matter is otherwise ineligible for the following reason:

## PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you* **must select Office Code 2.**

1. Is the action being removed from a state court that is located in Nassau or Suffolk County?   No

2. In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County?   No

3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County?   No
   b. Do the majority of defendants reside in Nassau or Suffolk County?   No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County?   No
4. If this is a Fair Debt Collection PracticeAct case, was the offending communication received in either Nassau or Suffolk County?   No
   (*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

## PART E - BAR ADMISSION

1. I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

   If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?    If yes, please explain:

## PART F - IMMIGRATION HABEAS

1. Is this petition based on an immigration detention? No    2. Does this case require immediate attention of a judge? No

**Check Form to Validate Before Signing**

I certify the accuracy of all information provided above.

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

Signature: _____   Date:_____

Revised 12.10.2025; Effective 12.10.2025          PAGE TWO OF TWO

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | |
|---|---|
| Bonnie Butcher | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )    Civil Action No. |
| | ) |
| City Of New York, Department of Education, Jill | ) |
| Goldberg, Jennifer Carreón Ambert, Donald Conyers, | ) |
| Andre Spencer, John Doe(S) | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Jill Goldberg
                 c/o New York City Department of Education
                 52 Chambers Street
                 New York
                 New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
                 Bonnie Butcher
                 130 Meridian Blvd, Apt 1
                 Arverne, NY 11692

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: **01/05/2026** _____

                                         _____
                                         *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

Eastern District of New York

| | |
|---|---|
| Bonnie Butcher <br><br> _____ <br> *Plaintiff(s)* <br> v. <br><br> City of New York Department of Education, Jill Goldberg, Jennifer Carreón Ambert, Andre Spencer, Donald Conyers, John Doe(s) <br><br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Andre Spencer i
                                         c/o Teaneck Public Schools
                                         651 Teaneck Road
                                         Teaneck, NJ 07666

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Bonnie Butcher
130 Meridian Blvd, Apt 1
Arverne, NY 11692

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: 01/05/2026
_____          _____
                                 *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

|  |  |  |
|---|---|---|
| Bonnie Butcher | ) ) ) ) ) ) ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) ) | Civil Action No. |
| City Of New York, Department of Education,John Doe(s) in his, her, or their individual and official capacity | ) ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

New York City Department of Education
100 Church Street
New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Bonnie Butcher
130 Meridian Blvd, Apt 1
Arverne, NY 11692

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

|  |  |
|---|---|
| Bonnie Butcher | ) <br> ) <br> ) <br> ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. |
| City Of New York, Department of Education, <br> John Doe(s) in his, her, or their individual and official <br> capacity | ) <br> ) <br> ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   John Doe(s), in his, her, or their individual and official capacity
c/o New York City Department of Education
52 Chambers Street New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Bonnie Butcher
130 Meridian Blvd, Apt 1
Arverne, NY 11692

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**BRENNA B. MAHONEY**
*CLERK OF COURT*

Date: _____            _____
                                                                                     *Signature of Clerk or Deputy Clerk*